## Trevorton Shirt Co., Inc., to use, v. Insurance Company of North America et al.

*F. B. Moser,* for plaintiff.

*Strouss & Strouss* and *Horace M. Schell,* for defendants.

MORGANROTH, P. J., July 2, 1934.—Defendants move for a new trial and complain that they were not given an opportunity to be heard. We are of opinion that their complaint is well founded, and that the trial court abused its discretion in closing the case and rendering judgment on the ex parte testimony of the plaintiff.

When the whole civil list at the October term was continued by reason of the confusion at the courthouse due to repairs then in progress, it was agreed that these cases should be heard by the court without a jury. On November 27, 1933, the cases came on for trial, and on that day the court en banc heard defendants' motion for continuance, which was pressed for the reason that their defense was largely predicated on documents in the possession of the United States District Attorney for the Southern District of New York, who refused to give up the papers until after the trial of certain parties or witnesses in these cases who were indicted in the said district court for certain alleged crimes.

After argument of the motion for continuance, it was determined to proceed with the trial, and the court en banc then and there declared that the defendants would have an opportunity to present their side of the case at a later hearing. This was not seriously objected to by counsel for defendants—in fact, it was agreed to. Despite this understanding, the trial court closed the cases and gave judgments for plaintiff on December 21, 1933. The trial in the district court in New York was had the first week of January, 1934. We have no doubt that the defendants could not secure the evidence in the hands of the United States district attorney prior to the first week in January, 1934, for the reason that the district attorney acted properly from his viewpoint in refusing to give up his evidence until after the trial of his case. Without *going into the merits*

of the controversy or the sufficiency of the defense, it is obvious that under the action of the court in disposing of the motion for continuance defendants should have been given a reasonable time to present their defense. This was not accorded them.

And now, July 2, 1934, the motions for new trial in the above stated cases are granted, and new trials are hereby ordered.